UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| DAVID FELTS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:03-CV-413 |
| | ) | | (VARLAN/GUYTON) |
| JAMES C. HIGGINS and JOHN DOE, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM OPINION**

This civil action is before the Court on plaintiffs' Motion Requesting Additur, or in the Alternative, a New Trial on the Issue of Damages [Doc. 36]. Plaintiffs instituted this case against defendants to recover for personal injuries suffered as a result of an automobile accident that occurred on August 13, 2002. [*See* Doc. 29]. Plaintiffs sought damages for past and future pain and suffering, past and future loss of enjoyment of life, and past medical expenses. [*See* Doc. 1]. On July 27, 2005, judgment was entered, pursuant to a jury verdict, in favor of plaintiffs in the amount of $2,566.00 for past medical expenses. [*See* Doc. 35]. The jury did not award other damages.

On August 5, 2005, plaintiffs filed the instant motion arguing "that justice requires an additur or new trial as to damages because the jury's verdict awarding medical expenses but no past and future pain and suffering or loss of enjoyment of life is in conflict with the undisputed evidence in this case." [*See* Doc. 36]. No response or opposition to the pending

motion has been filed and the time for doing so has long since passed.[1]  *See* E.D.TN. LR 7.1(a), 7.2.

For the reasons discussed herein, plaintiff's motion will be denied.

**I.     Additur**

Because this is a diversity action, this Court must apply the substantive law of Tennessee.  Tennessee's additur statute is substantive in nature; and therefore, it must be applied by this Court.  *See McCoy v. Wean United, Inc.*, 67 F.R.D. 495, 498 (E.D. Tenn. 1975).  In Tennessee, additur is appropriate "where, in the opinion of the trial judge a jury verdict is not adequate to compensate the plaintiff . . . in compensatory damages . . . ." Tenn. Code Ann. § 20-10-101.  Thus, where a jury's verdict is "not within the range of reasonableness," the trial court should suggest additur.  *Cortazzo v. Blackburn*, 912 S.W.2d 735, 745 (Tenn. Ct. App. 1995) (citation omitted).  More specifically, a trial court "may modify a judgment when the damages awarded by the jury conflict with the undisputed facts concerning damages."  *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 595 (Tenn. 1994).

In the present case, plaintiff argues that the jury's verdict is so inadequate that it is not reasonable.  Plaintiff argues that there was no dispute that plaintiff suffered past and future

---

[1] In late August 2005, at the direction of the undersigned, the undersigned's law clerks, Jenny Rogers and Leonard Evans, telephoned defense counsel to inquire as to whether defendants intended to file a response.  At that time, defense counsel indicated that defendants intended to respond by Friday, September 2, 2005.  No response was received at that time, but defense counsel explained that he was unable to file the response by the above date because of a family emergency, but that he still intended to file a response.  The Court has yet to receive a response.

2

pain and suffering and loss of enjoyment. Thus, as plaintiff argues, it was unreasonable for the jury to decline to award damages.

The Court, however, disagrees. During an October 15, 2002 visit with Dr. Robins, plaintiff reported a "daily, dull, intermittent ache which fluctuated from zero to two on a zero-to-ten pain scale." [Doc. 36 at 4 (citation omitted)]. During physical therapy for his injury, plaintiff reported pain at level six on the same zero-to-ten pain scale, but that the therapy decreased the pain. [*See id.*(citations omitted)]. In March 2003, plaintiff reported feeling "95 percent better with a pain level of zero most of the time and with pain around one on a zero-to-ten scale in evenings . . . ." [*Id.* at 4-5 (citation omitted)].

Having this evidence before it, the jury reasonably could have concluded that plaintiff's pain and suffering and loss of enjoyment was so minor that it did not justify an award for pain and suffering or loss of enjoyment. Therefore, the Court will not exercise its discretion to disturb the verdict by suggesting additur.

**II.     New Trial**

Determining whether to grant a new trial is "a federal procedural question and is to be decided by reference to federal law." *Toth v. Yoder Co.*, 749 F.2d 1190, 1197 (6th Cir. 1984) (citations omitted). *See generally Holloway v. Wal-Mart Stores, Inc.*, 909 F.Supp. 534, 536 (E.D. Tenn. 1995) (discussing standard of review in motion for new trial). Under Fed. R. Civ. P. 59, "the question of granting or denying a motion for a new trial following a jury verdict addresses itself to the judicial discretion of the trial judge . . . ." *Toth*, 749 F.2d at

3

1197 (citation omitted); *Holloway*, 909 F.Supp. at 536. The trial judge's decision is subject to an abuse of discretion standard of review. *Toth*, 749 F.2d at 1197.

In appropriate cases, the judge has a duty to intervene to prevent injustice. *See Bruner v. Dunaway*, 684 F.2d 422, 425 (6th Cir. 1982); *Holloway*, 909 F.Supp. at 536 (quoting *Davis v. Jellico Comm. Hosp., Inc.*, 912 F.2d 129, 133 (6th Cir. 1990)). *See also Turner v. United States*, 139 F.Supp. 30, 34 (E.D. Tenn. 1954); *Sandlin v. Pearsall*, 427 F.Supp. 494 (E.D. Tenn. 1976). For example, a verdict is unjust if it is "against the weight of the evidence." *Holmes v. City of Massillon*, 78 F.3d 1041, 1046 (6th Cir. 1996) (construing Fed. R. Civ. P. 59 to allow new trial when jury reached "seriously erroneous result"). A verdict is also unjust if damages are excessive or if the trial was unfair to the movant in some fashion, such as when the proceedings are influenced by bias or prejudice. *See Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251(1940); *Cygnar v. City of Chicago*, 865 F.2d 827, 835 (7th Cir. 1989); *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 691 (2d Cir.1983). A jury's verdict should be accepted, however, if it is one the jury reasonably could have reached. *See Bruner*, 684 F.2d at 425. *See also Holmes*, 78 F.3d at 1045-46 (citations omitted).

In the present case, plaintiff argues that the verdict as to damages is against the weight of the evidence. Specifically, plaintiff argues that the jury caused a "miscarriage of justice" in only awarding medical expenses despite evidence of pain and suffering and loss of enjoyment as a result of his injury.

The Court, however, disagrees. For the same reasons with respect to additur, the Court cannot conclude that the jury reached a seriously erroneous or unjust result. The jury

4

reasonably could have concluded, as it did, that plaintiff's pain and suffering and loss of enjoyment were so minor that they did not justify an award of damages. Therefore, the Court declines to exercise its discretion to disturb the jury's verdict by ordering a new trial as to damages.

**III.     Conclusion**

Plaintiff's motion seeks either additur or a new trial as to damages because, he argues, the jury's verdict was against the weight of the evidence and unjust. Under Tennessee's additur statute, a trial court may suggest additur where a jury verdict is outside the range of reasonableness. *See* Tenn. Code Ann. § 20-10-101; *Cortazzo*, 912 S.W.2d at 745(citation omitted). Under Fed. R. Civ. P. 59, a trial court has discretion to order a new trial to prevent injustice. *See Bruner*, 684 F.2d at 425; *Holloway*, 909 F.Supp. at 536 (quotation omitted). *See also Turner*, 139 F.Supp. at 34; *Sandlin*, 427 F.Supp. 494. In the present case, because the evidence indicated that plaintiff's pain and suffering and loss of enjoyment were so minor, the jury reasonably could have declined to award damages. Therefore, after considering the record, the evidence presented at trial, and the applicable law, plaintiffs' motion will be denied.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE